———o———

No. 4088.

(Court of Appeal, Parish of Orleans.)

## THE MAX J. WINKLER BROKERAGE CO. vs. THE FIDELITY AND DEPOSIT CO. OF MD.

1. If, on an examination of all its provisions, a contract of insurance is fairly and reasonably susceptible of two constructions, that favorable to the insured will be adopted, if consistent with the object for which the contract was made.

2. When a policy contains contradictory provisions, or is so framed as to render it doubtful whether the parties intended that the exact truth of statements should be a condition precedent to any binding contract, that construction which imposes upon the assured the obligations of a warranty should not be favored.

Appeal from Civil District Court, Diivsion "C."

E. A. Parsons & L. R. Hoover, for Plaintiff and Appellee.

P. M. Milner, for Defendant and Appellant.

DUFOUR, J. This is a suit on a fidelity bond issued by defendant to indemnify the plaintiff against acts of larceny and embezzlement on the part of one Ozer, an employee of plaintiff, in the performance of the duties of his position.

The bond issued on April 1st, 1903, for one year from that date, and just previous to its expiration, the defendant sent plaintiff a renewal notice requesting remittance of premium and asking the latter to "kindly have the certificate below filled in and signed and forwarded ...... when the continuation receipt will be sent to you."

The certificate referred to reads as follows:

"This is to certify that since the issue of the above bond

341

Mr. F. J. Oser has faithfully, honestly and punctually accounted to me for all money and property in his control or custody as my employee, has always had proper securities and funds on hand to balance his accounts and is not now in default to me."

The plaintiff signed and forwarded the certificate and in return received an extension of the bond to April 1st, 1905.

It was subsequently discovered in March, 1905, that Oser was short in his acounts and held notes and assignments which he had forged and that part of the shortage occurred previous to renewal. Upon being notified of this, the Fidelity Company denied liability on the ground that the statemnet signed at the time of renewal was false and as it was a warranty under the terms of the bond, defendant was consequently discharged.

The pertinent clauses of the bond in controversy are:

First—"Whereas, the employer has delivered certain statements in writing relative to the employee, his conduct duties, employment and accounts, the manner of conducting the business of the employer and other things connected with the issuance of this bond, which, together with any other statements in writing, hereafter made by the employer to the company, relating to any such matters do and shall constitute the basis and form part of this contract, or any continuation or continuations thereof, and shall be warranties."

Second—"This bond may be continued from year to year at the option nof the employer so long as the company shall consent to receive the same, provided, that the liability of the company as surety for the employee to the employer shall not exceed the amount above written ($2000.00), whether the loss shall occur during the term of the bond above named, or during any continuation or continuations thereof, or partly during the same term and partly during said continuation or cotninuations."

Among the questions propounded by the defendant before accepting the application, we find the following:

"Is there now to your knowledge any shortage due you by the applicant," and, at the end of the list of questions to be answered by the plaintiff, the statement is made that "it is agreed the above answers are to be taken as conditions precedent and as the basis of the said bond applied for, or any renewal or continuation of the same that may be issued."

The application and the bond, which must be read together

agree that the statements of the employer shall be warranted and shall constitute the basis of both the original contract and the renewal, and the application requires the answer to be merely "to the knowledge" of the employer.

The certificate required for the renewal is unqualified, but the notice of renewal which exacts it does not specify that it is a warrant.

It is therefore doubtful whether the answer was expected to be absolutely true or true only to the knowledge of the employer.

Although the initial clause of the bond makes all the statements warranties, yet the *proviso* allows recovery, within a maximum limit of $2,000.00, for any loss occuring during the course of the bond or any continuation thereof or partly during the term of both.

If defendant's theory be accepted, the absurd and unfair consequence would result that an erroneous, though honest, answer, either at the time of issuance of the original bond or at the time of its renewal, would make recovery impossible, although the insurer holds out to the assured that he can recover under both the bond and its continuation.

The language of the U. S. Circuit Court of Appeals in 80 F. R. 738 finds apt application here:

"These solicitors for the new issuance use these vague, indefinite, ambiguous and misleading words and phrases, that customers may not be deterred by too much visible limitations on the risk; and thus they become what Mr. Circuit Judge Lacombe, in one of the cases we have cited, quoting from the books, calls "a snare for the unwary." The law does not tolerate the spreading of the net, nor help it to enmesh its victims."

In a case in which the answers to the questions were warranted to be true but in which there was room into doubt if the company intended to exact a literal fulfillment, the Supreme Court of the United States said: "When a policy of insurance contains contradictory provisions, or has been so framed as to leave room for contsruction, rendering it doubtful whether the parties intended the exact truth of the applicant's statement to be a condition precedent to any binding contract, the Court should lean against that construction which imposes upon the

343

assured the obligation of a warranty. The company cannot justly complain of such a rule. Its attorneys, officers or agent prepared the policy for the purpose, we shall assume, both of protecting the company against fraud, and of securing the just rights of the assured under a valid contract of insurance.

It is its language which the Court is invited to interpret and it is both reasonable and just that its own words should be construed most strongly against itself." III U. S. 341.

III U. S. 341.

Upon the state of facts presented, the conclusion muts be the same, if the certificate be viewed as a representation.

"Unintentional misstatements will not avoid the policy unless wilfully erroneous or grossly negligent or the assured had knowledge thereof."

2 Joyce on Ins. par. 1903.

67 Pac. R. 989.

It is shown that the loss was caused largely by forgeries of notec and assignments, difficult of detection, and the plaintiff is not shown to have been negligent or in bad faith.

He is therefore entitled to recover.

Judgment affirmed.

January 28, 1907.

## ON REHEARING.

The bond and application for renewals cannot be separated, and if there be any contradiction between them making them subject to a double interpretation, the construction favorable to the assured must be given.

Former decree remains undisturbed.

ESTOPINAL, J. A reargument of this cause has not shaken us in the belief that the opinion heretofore rendered herein is sound and correct.

Learned counsel for defendant has shown ability and great industry in dealing with the issues throughout, but a careful consideration and interpretation of the documents upon which hinge the determination of this controversy, satisfy us, considering the good faith of plaintiff, that it should recover on the bond and obligation assumed by the defendant.

The application for renewals of the bond, and the bond itself,

cannot be separated. They must be read together, and if there be any contradiction between them, causing ambiguity or making them subject to a double interpretation, these must be construed in favor of the assured.

The reasons given in our original opinion cover fully and elaborately all the issues, and we see no reasons to further elaborate them here.

It is therefore ordered that our former decree rendered herein remain undisturbed.

May 6, 1907.

Moore, J., dissents.

.Writ granted by Supreme Court May 29, 1907.

July 3, 1907, decision Supreme Court reversing judgment and remanding case to District Court.